————o————

5226.

(Court of Appeal, Parish of Orleans.)

## GEORGE GERSTNER vs. CRESCENT ICE COMPANY

1. In a suit for damages on account of a trespass, the trouble and expense, including attorney's fees, the plaintiff has been illegally put to, are to be considered in estimating the damages.

2. It is difficult to fix the compensation to which one is entitled for the invasion of his rights, the injury to his feelings, and the deterring punishment that will serve as an example; hence the findings of the lower court will not be disturbed unless manifestly inadequate or excessive.

Appeal from the Civil District Court, Division "D."

Woodville and Woodville, for plaintiff and appellee.

Joseph Sinai, for defendant and appellant.

DUFOUR, J.—The defendant appeals from a judgment for $200, rendered against it for trespassing on plaintiff's property by stretching a guy wire across it.

The wire was put there in spite of the owner's warning and protest and the defendant seeks to justify its conduct on the ground that the tenant did not object. As the wire is shown to have been dangerous and a menace to the house in case it should break, the tenant was powerless to jeopardize the interests of the lessor.

The wire was allowed to remain there more than five months, until the plaintiff filed suit for its removal and for damages.

Defendant's action was taken to further purposes of his private interest and without seeking legal advice; it was lawless and malicious, and subjects the offender to responsibility for both actual and punitory damages.

Plaintiff's offer of proof of reasonable attorney's fees was erroneously excluded by the district judge; they are part of the expenses he was put to by the illegal act and he had a right to prove them.

Cooper vs. Cappel, 29 An. 213.

But, having reached the conclusion that the amount awarded below affords substantial compensation, and the estimate of damages in cases of this kind being at best approximate, we do not deem it proper to increase it.

Mackenzie vs. Veglia, No. 5190 Ct. of App., Vol. 8; 5 An. 521; 118 La. 1006.

That this is not an unfair estimate from plaintiff's standpoint is shown by the fact that he had offered to grant the right to place the wire on his property for $15 a month.

Judgment affirmed.

March 6, 1911.

———————o———————

5204.

(Court of Appeal, Parish of Orleans.)